People v Stevens (2018 NY Slip Op 07491)





People v Stevens


2018 NY Slip Op 07491


Decided on November 8, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 8, 2018

109047

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
SCOTT STEVENS, Appellant.

Calendar Date: September 18, 2018

Before: Garry, P.J., Clark, Mulvey, Aarons and Pritzker, JJ.


Adam H. Van Buskirk, Auburn, for appellant.
Craig P. Carriero, District Attorney, Malone (Jennifer M. Hollis of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Franklin County (Main Jr., J.), rendered November 21, 2016, which revoked defendant's probation and imposed a sentence of imprisonment.
In June 2015, defendant pleaded guilty to an indictment charging him with burglary in the third degree (three counts), grand larceny in the fourth degree and criminal possession of stolen property in the fourth degree in contemplation of receiving a split sentence of local jail time and probation and participation in the Franklin County adult treatment court. The plea agreement also required defendant to waive his right to appeal. Defendant was accepted into treatment court and thereafter was sentenced to five years of probation subject to various terms and conditions — with the first 180 days to be served in the local jail. After defendant twice violated the terms of his probation, County Court revoked his probation in November 2016 and resentenced defendant to the agreed-upon prison term of 1&frac23; to 5 years upon each conviction of burglary in the third degree (three counts) — said sentences to be served consecutively — in addition to lesser and concurrent terms of imprisonment upon his convictions of grand larceny in the fourth degree and criminal possession of stolen property in the fourth degree [FN1]. Defendant now appeals.
Contrary to defendant's assertion, we find that his waiver of appeal — as set forth during the November 2016 proceedings — was valid. The record reflects that, prior to accepting defendant's admission to his second violation of probation, County Court explained the nature of waiver to defendant — "distinguish[ing] defendant's appellate rights from the other rights that defendant would be forfeiting by admitting that he violated the terms and conditions of his probation" (People v Bailey, 157 AD3d 1133, 1134 [2018], lv denied 31 NY3d 981 [2018]). Additionally, defense counsel assured County Court that he had discussed the waiver with [*2]defendant, and defendant "confirmed his understanding and acceptance [there]of" (id.). We therefore are satisfied that defendant knowingly, intelligently and voluntarily waived his right to appeal. In light of defendant's valid waiver, his challenge to the severity of the resentence imposed following the revocation of his probation is precluded (see id.; People v Ducheneaux, 97 AD3d 852, 853 [2012]).
Garry, P.J., Clark, Mulvey, Aarons and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: Prior to making the required admissions, defendant again waived his right to appeal.